[No. A076066. First Dist., Div. Four. Aug. 15, 1997.]

FERN DUNHAM et al., Plaintiffs and Appellants, v.
CONDOR INSURANCE COMPANY et al., Defendants and Respondents.

**COUNSEL**

O'Reilly & Collins and James P. Tessier for Plaintiffs and Appellants.

Ericksen, Arbuthnot, Kilduff, Day & Lindstrom, Lois A. Lindstrom and Jin Nishi for Defendants and Respondents.

**OPINION**

**HANLON, J.**—Fern and Milburn Dunham appeal from a judgment dismissing their case against respondents Condor Insurance Company (Condor) and Raven Claims Services (Raven) after respondents' demurrer to appellants' cause of action for negligent spoliation of evidence was sustained without leave to amend. We affirm.

### BACKGROUND

On June 25, 1994, appellants were seriously injured in a traffic accident involving a vehicle operated by Jack Hill, an employee of John Hill doing

business as John Hill Trucking. Jack Hill was driving north on Route 29 in a truck towing a dump trailer when the trailer became disengaged from the truck and came to rest blocking traffic in both directions. Appellants were proceeding south and collided with the trailer.

Appellants sued Jack Hill and John Hill Trucking (the Hills) for damages from the accident. The Hills were insured by respondent Condor, and appellants' claims against the Hills were handled by Condor's claims service, respondent Raven. Appellants settled with the Hills, and executed releases of all claims against the Hills and respondents in February of 1995. The original complaint had named manufacturers of the vehicles involved in the accident as additional defendants, but appellants have indicated that these defendants were never served because appellants' investigation found no material defect in the manufacture or design of their products.

Appellants were eventually granted leave to file an amended complaint alleging that the trailer involved in the accident had disengaged because of a fatigue fracture in its trunnion shaft. In their motion for leave to amend, appellants stated that they did not yet know who had manufactured the rear suspension of the trailer which included the trunnion shaft. The amended complaint asserted two causes of action: a products liability claim against "Doe" defendants who designed, manufactured and maintained the trunnion shaft; and the negligent spoliation of evidence claim against respondents which is at issue in this appeal. The pertinent allegations are as follows.

After the accident, the Hills had the trailer inspected and advised respondents that the accident was caused by a break in the trunnion shaft. The Hills also told respondents that a traffic citation issued to Jack Hill for the accident had been dismissed based on his showing that the accident was caused by failure of the trunnion shaft. When appellants and the Hills settled, respondents promised to allow appellants to interview the Hills about the accident. When this promise was made, John Hill was still in possession of the broken trunnion shaft. At that point, respondents "knew, or reasonably should have known of the existence of the broken trunnion shaft and knew, or reasonably should have known that it might constitute evidence in plaintiffs' potential litigation involving the manufacturer of said trunnion shaft and the related suspension system for the subject dump trailer."

"However, defendants, and each of them, failed to inform [Jack] Hill or John Hill to preserve the broken trunnion shaft and further failed to allow plaintiffs or their representative to question [Jack] Hill or John Hill until after such time that Jack Hill and John Hill had discarded said broken trunnion shaft. But for the refusal of defendants, and each of them, to allow

plaintiffs' representatives to interview and question Jack Hill and John Hill, plaintiffs would have discovered and obtained this vital piece of evidence prior to its destruction. [¶] Plaintiffs first discovered defendants negligence in this regard upon the depositions of Jack and John Hill which occurred on December 12, 1995."

## DISCUSSION

■ Respondents' demurrer to the cause of action for negligent spoliation of evidence was correctly sustained without leave to amend under the holding of *Reid* v. *State Farm Mut. Auto. Ins. Co.* (1985) 173 Cal.App.3d 557 [218 Cal.Rptr. 913]. Appellants attempt to distinguish *Reid* on the ground that it dealt with a claim for breach of the implied covenant of good faith and fair dealing rather than negligent spoliation of evidence. It is true that the negligent spoliation allegations in *Reid* were the basis of a bad faith claim against an insurance company, but *Reid* dealt squarely with the spoliation tort in the context of the following facts.

Plaintiff Reid, a permissive user of the insured's car, was injured when it struck a guardrail on a freeway offramp. State Farm settled the property damage claim of its insured as a total loss, the insured transferred ownership of the wrecked car to State Farm, and State Farm sold the car to an auto body company. Ten weeks after the accident, the auto body company cut up the car for parts. Eleven months after the accident, Reid sued the manufacturer, seller and repairers of the car for negligence and strict products liability. Nineteen months after the accident, Reid contacted State Farm about the car. Upon learning of the car's destruction, Reid sued State Farm for intentional spoliation of evidence, and bad faith and unfair dealing. State Farm obtained summary judgment and Reid appealed.

On appeal, Reid conceded a lack of evidence that State Farm had intentionally destroyed the car. But he argued, in support of the bad faith claim, that the evidence established a duty on the part of State Farm to preserve the car for purposes of his suit against the other defendants. The Court of Appeal concluded that no such duty had been shown. Although the court discussed other considerations, it eventually held "as a matter of law that, in the absence of a specific request by either [the insured] or Reid, State Farm had no duty to preserve the . . . vehicle." (*Reid* v. *State Farm Mut. Auto. Ins. Co., supra*, 173 Cal.App.3d at p. 581.)

This holding is directly on point. *Reid* establishes that a defendant charged with negligent spoliation has no duty to preserve evidence for the plaintiff's use against a third party absent a "specific request" from the plaintiff to do

so. There was no such specific request in this case. Appellants allege only that they asked respondents for access to the Hills. They have not alleged, and are evidently incapable of alleging, that they asked respondents to preserve the trunnion shaft. Like the plaintiff in *Reid*, appellants allege that the evidence was necessary for their claim against a third party. They do not allege that the evidence was relevant to a suit against respondents or their insured. In these circumstances, respondents had no duty to take any steps to preserve the trunnion shaft for appellants' benefit. (*Reid* v. *State Farm Mut. Auto. Ins. Co.*, *supra*, 173 Cal.App.3d at p. 581.)

Appellants contend that they can state a claim for negligent spoliation because they "relied" upon respondents to preserve the trunnion shaft. This alleged reliance is said to stem from respondents' agreement to make the Hills available for questioning. Under *Reid*, however, a plaintiff cannot establish detrimental reliance without asking that the evidence be preserved.

Appellants' reliance argument is based on *Williams* v. *State of California* (1983) 34 Cal.3d 18 [192 Cal.Rptr. 233, 664 P.2d 137], the case from which the spoliation torts in this state evolved. The plaintiff in *Williams* was injured while riding in an automobile when a piece of a heated brake drum from a passing truck was propelled through the windshield and struck her in the face. She sued the state alleging that the highway patrol officers who arrived at the scene " 'so negligently and carelessly investigated the accident as to virtually destroy any opportunity on [her] part to obtain compensation for the severe injuries and damages she suffered.' " (*Id.* at pp. 21-22.) The court held that the plaintiff could state a cause of action if she alleged "the requisite factors to a finding of special relationship, namely detrimental reliance by the plaintiff on the officers' conduct, statements made by them which induced a false sense of security and thereby worsened her position." (*Id.* at p. 28.)

*Williams* is of no assistance to appellants. Neither *Williams* nor any of its progeny suggests that there can be liability for spoliation where, as here, the defendant never had possession or control over the evidence and was not the one who destroyed it. Appellants offer no compelling justification for such a broad expansion of potential liability.

Appellants contend finally that they have stated a cause of action for negligent spoliation because their complaint is couched in the language of the standard jury instruction setting forth the elements of the tort. (BAJI No. 7.96 (8th ed. 1994).) However, as respondents pointed out below, the existence of a duty of care is a question of law for the court. (*Peter W.* v. *San Francisco Unified Sch. Dist.* (1976) 60 Cal.App.3d 814, 822 [131 Cal.Rptr.

854].) Thus, appellants cannot plead a duty merely by referring to jury issues.

## CONCLUSION

The judgment is affirmed with costs to respondents.

Anderson, P. J., and Poché, J., concurred.