Chandra LEWIS and Fred Lewis, Plaintiffs,

v.

J.C. PENNEY, INC. and Does 1 to 30, inclusive, Defendants.

No. CIV–F–97–6267 OWW SMS.

United States District Court, E.D. California.

July 29, 1998.

**1084**

Robert S. Arns, The Arns Law Firm, San Francisco, CA, for Chandra Lewis, Fred Lewis.

Donald John Roberts, Winningham Roberts Fama Kramer and Ramberg, San Francisco, CA, Stacie Lynn Morris, Winingham Roberts Fama Kramer and Ramberg, Sacramento, CA, for JC Penney Company Inc.

MEMORANDUM OPINION AND ORDER RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

WANGER, District Judge.

## I. INTRODUCTION

Plaintiffs, Chandra Lewis and Fred Lewis, initiated this lawsuit against Defendants J.C. Penney, Inc. and Does 1 to 30, asserting claims for personal injury, negligent and intentional spoliation of evidence, and loss of consortium.

Pursuant to Federal Rule of Civil Procedure 56, J.C. Penney moves for summary judgment or, in the alternative, for partial summary judgment, arguing that Plaintiffs have not proved a claim for either negligent or intentional spoliation of evidence against J.C. Penney. Plaintiffs do not oppose the motion for partial summary judgment as it relates to their claim for intentional spoliation of evidence. They oppose the arguments for partial summary judgment on the negligent spoliation claim. For the reasons stated herein, J.C. Penney's motion for partial summary judgment is GRANTED.

## II. FACTUAL BACKGROUND

### A. The Parties

Plaintiffs, who are husband and wife, are citizens of the state of California. J.C. Penney was incorporated in the state of Delaware and has its principal place of business in the state of Texas. J.C. Penney is the only defendant who has been served with a summons and complaint in this action.

### B. Procedural History

On November 17, 1997, Plaintiffs initiated this case in the Alameda County Superior Court, Case No. V–014371–0. The form complaint filed in state court asserted causes of action for "personal injury" and or products liability, intentional and negligent spoliation of evidence, and loss of consortium, seeking $625,000 in damages. On December 31, 1997, J.C. Penney removed the lawsuit to federal court pursuant to 28 U.S.C. § 1441(b) on the grounds of diversity jurisdiction. *See* 28 U.S.C. § 1332.

### C. *Factual Overview*

#### 1. *Uncontested Facts*

Ms. Lewis was employed by J.C. Penney as a "Sales Floor Training Supervisor" at their Los Banos location. Plaintiffs' Response to Def.'s Separate Statement of Material Facts (hereinafter "Undisputed Facts") at ¶ 2. On April 11, 1997, Ms. Lewis was injured when in the course of her employment she fell from a step ladder belonging to J.C. Penney. *Id.* at ¶ 1. Ms. Lewis received workers' compensation benefits for the injuries she sustained from the accident. *Id.* at ¶ 8.

Ms. Lewis avers that after falling to the ground she noticed that one of the legs of the stepping stool "was bent back." Declaration of Chandra Lewis in Opp. to Mot. for Summ. Jud. at 1:23–24 (Ms. Lewis also notes that the "metal had ripped and torn on the ladder."); Deposition of Richard Stone at 11:11–12 (testified that one of the legs of the ladder appeared to be bent back). It is unknown whether the leg was bent prior to or as a result of the impact of the fall. The step ladder was at least five years old and, prior to Ms. Lewis's accident, had been used consistently by Defendant's employees without incident. Undisputed Facts at ¶¶ 4–5.

After the incident, Mr. Richard Stone, former manager of Defendant's Los Banos store, ordered the ladder discarded because it was no longer "operational." Declaration of Chandra Lewis in Opp. to Mot. for Summ. Jud. at 2:3. The security guard at the scene took the ladder and "threw it outside." *Id.* at 2:4. Ms. Lewis avers that Mr. Stone allegedly stated that "maybe we should go get the ladder and keep it." *Id.* at 2:6.[1] Mr. Stone directed the security guard to retrieve the ladder, but "in the short period of time, the ladder was no longer in the trash." *Id.* at 2:7–8.

The name of the manufacturer and seller of the step ladder are not known by the parties. Undisputed Facts at ¶ 3. By letter dated August 26, 1997, Plaintiffs' counsel requested for the first time that J.C. Penney preserve the step ladder as evidence. *Id.* at ¶¶ 9–10. No prior request for preservation of the step ladder was made by Ms. Lewis or anyone on her behalf.

### III. LEGAL STANDARDS

#### A. *Summary Judgment Standard*

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine issue of fact exists when the non-moving party produces evidence on which a reasonable trier of fact could find in its favor viewing the record as a whole in light of the evidentiary burden the law places on that party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 252–56, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The non-moving party cannot simply rest on its allegation without any significant probative evidence tending to support the complaint. *Id.* at 249, 106 S.Ct. 2505.

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex,* 477 U.S. at 322–23, 106 S.Ct. 2548.

The more implausible the claim or defense asserted by the opposing party, the more persuasive its evidence must be to avoid summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Nevertheless, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in its favor." *Liberty Lobby,* 477 U.S. at 255, 106 S.Ct. 2505. Even where the basic facts are undisputed, if reasonable minds could differ as to the inferences to be

---

**1.** Plaintiffs claim this is an undisputed fact. J.C. Penney has presented no evidence to refute this factual allegation. Absent any opposition, Ms. Lewis's recollection of Mr. Stone's statement is considered an uncontested fact.

drawn from those facts, summary judgment should be denied. *Hopkins v. Andaya,* 958 F.2d 881, 888 (9th Cir.1992). The court's role on summary judgment, however, is not to weigh the evidence, *i.e.,* issue resolution, but rather it is issue finding. *Id.*

Evidence submitted in support of or in opposition to a motion for summary judgment must be admissible under the standard articulated in 56(e). *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d 1542, 1550 (9th Cir.1989). Properly authenticated documents, including discovery documents, although such documents are not admissible in that form at trial, can be used in a motion for summary judgment if appropriately authenticated by affidavit or declaration. *United States v. One Parcel of Real Property,* 904 F.2d 487, 491–492 (9th Cir.1990); *Zoslaw v. MCA Distributing Corp.,* 693 F.2d 870, 883 (9th Cir.1982), *cert. denied,* 460 U.S. 1085, 103 S.Ct. 1777, 76 L.Ed.2d 349 (1983). Supporting and opposing affidavits must be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Fed.R.Civ.P. 56(e); *see also Taylor v. List,* 880 F.2d 1040, 1045 n. 3 (9th Cir.1989).

B. *State Law Governs the Claims At Issue*

In this diversity action, the legal issues are governed by the substantive law of California, the forum state. *Stanford Ranch, Inc. v. Maryland Cas. Co.,* 89 F.3d 618, 624 (9th Cir.1996).

### IV. DISCUSSION

A. *Negligent Spoliation of Evidence*

■ Spoliation of evidence is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation. *Willard v. Caterpillar, Inc.,* 40 Cal.App.4th 892, 907, 48 Cal.Rptr.2d 607 (1995). The elements of the tort of intentional spoliation of evidence are: (1) pending or probable litigation involving the plaintiff; (2) knowledge by the defendant of the existence or likelihood of the litigation; (3) intentional acts of spoliation on the part of the defendant designed to disrupt plaintiff's case; (4) disruption of the plaintiff's case; and (5) damages proximately caused by the acts. *Bravo v. Foremost Ins. Group,* No. C94–20467 RPA, 1994 WL 570643, at *4 (N.D.Cal. Oct. 11, 1994). The tort of negligent spoliation has the same elements, but only negligent acts must be shown. *Id.* "To establish negligence, the courts focus on whether or not the caretaker of the evidence can foresee possible harm to the plaintiff if the evidence is destroyed." *Id.*

Defendants argue that Plaintiffs cannot establish a claim for negligent spoliation of evidence because Plaintiffs did not request preservation of the ladder prior to its disposal.

■ The few published California decisions analyzing the tort of spoliation have held that "[b]oth negligent and intentional spoliation require the loss or destruction of physical evidence that a defendant had *promised to preserve.*" *Anderson v. Rinaldo,* No. C93–2213 WHO, 1994 WL 46728, at *7 (N.D.Cal. Feb. 2, 1994) (emphasis added); *Dunham v. Condor Ins. Co.,* 57 Cal.App.4th 24, 26, 66 Cal.Rptr.2d 747 (1997) (plaintiff cannot establish detrimental reliance without first requesting preservation of the evidence) (citing *Reid v. State Farm Mut. Auto. Ins. Co.,* 173 Cal.App.3d 557, 581, 218 Cal.Rptr. 913 (1985)); *see also Murphy v. Target Products,* 580 N.E.2d 687, 689 (Ind.App.1991) (Court held that an employer owes an employee no duty to preserve possible evidence for the employee which may be used by employee in some future legal action against a third party absent an agreement between the parties, a contract between the parties, a special relationship between the parties, or a statute).

In *Dunham v. Condor Insurance Company,* the plaintiffs were seriously injured in a traffic accident involving a vehicle operated by an employee of a trucking company. 57 Cal.App.4th at 26, 66 Cal.Rptr.2d 747. The employee was driving a truck towing a dump trailer when the trailer became disengaged from the truck. The plaintiffs collided with the dump trailer after it came to a stop. *Id.* The plaintiffs sued the trucking company and its driver for damages. After the accident, the trucking company inspected the trailer and advised plaintiffs that the accident was

caused by a break in the trailer's "trunnion shaft." *Id.* Plaintiffs thereafter settled with the trucking company and driver, and the defendants promised to allow plaintiffs to interview them about the accident. *Id.* When the promise was made, the employer still had possession of the broken trunnion shaft. *Id.* Plaintiffs, however, never asked the trucking company or the driver to preserve this evidence. *Id.* at 27, 66 Cal.Rptr.2d 747.

The court of appeals affirmed the dismissal of plaintiff's claim for negligent spoliation of evidence because "a defendant charged with negligent spoliation has no duty to preserve evidence for the plaintiff's use against a third party absent a 'specific request' from the plaintiff to do so." *Id.* (citing *Reid,* 173 Cal.App.3d at 581, 218 Cal.Rptr. 913 (holding that as a matter of law individual has no duty to protect and preserve evidence without showing of a specific request)).

In this case, Plaintiffs never requested the preservation of the ladder prior to its disposal. Five months after Ms. Lewis's accident, Plaintiffs' counsel requested that J.C. Penney protect the "integrity" of ladder because the ladder would be used as evidence in a "personal injury action." Prior to the letter, J.C. Penney avers it had no indication that Ms. Lewis and her husband would file a lawsuit as a result of the accident. According to J.C. Penney, Mr. Stone had never been involved in a case where an injured employee sued a third party manufacturer and he had no reason to believe that Ms. Lewis would do so. Rather, J.C. Penney believed that Ms. Lewis's workplace injuries would trigger and be compensable under California's workers' compensation law.

Plaintiffs' negligent spoliation claim fails because Plaintiff has not demonstrated that J.C. Penney owed them a legal duty to preserve and protect the integrity of the ladder for subsequent use as evidence in a personal injury lawsuit. 5 Witkin, Summary of California Law § 6 at 61 (9th ed. 1988) ("A tort, whether intentional or negligent, involves a violation of a legal duty, imposed by statute, contract or otherwise."); *see also Bondu v. Gurvich,* 473 So.2d 1307 (Fla.App. 3 Dist. 1984) (Florida recognized a negligent spoliation tort where hospital had a duty pursuant to administrative regulation to maintain medical records). Here, J.C. Penney had no statutory duty to retain evidence for an employee's use in a third party lawsuit; nor did it have a general common law duty to preserve evidence without knowledge of a third party suit or a request to preserve evidence; nor did it voluntarily undertake such a duty. *See Coley v. Arnot Ogden Mem. Hosp.,* 107 A.D.2d 67, 485 N.Y.S.2d 876, 878–79 (N.Y.App.Div.1985) (Absent promise by employer to inspect or safeguard the ladder for employee's benefit, employer owed no duty to employee to preserve ladder.).[2] Neither J.C. Penney or Mr. Stone represented that the ladder would be preserved for subsequent inspection and use by Plaintiffs. *Id.* Instead, the ladder was immediately discarded by Mr. Stone, without any objection by Ms. Lewis.[3]

Plaintiffs make much of the fact that Defendants discarded the ladder on the day of the incident, thereby precluding Plaintiffs from requesting the ladder's preservation within a reasonable time. In support of their argument, Plaintiffs cite *Gomez v. Acquista-*

---

2. In *Coley,* the plaintiff was injured during the course of her employment when she fell from a ladder. *Coley,* 485 N.Y.S.2d at 877. The employees discarded the ladder because they deemed the ladder "unsafe." *Id.* The injured employee argued that failure to preserve the ladder precluded discovery of the name of the manufacturer and distributor of the ladder, thereby foreclosing a potential products liability action. *Id.* In affirming the trial court's dismissal of employee's claim, the appellate court held the employer owed no duty to the employee with regard to the safekeeping of the ladder. *Id.* at 878. The court also noted the record revealed no promise by the defendant or its employees to inspect or safeguard the ladder for the plaintiff's benefit. *Id.*

3. Ms. Lewis avers that after the ladder was discarded, Mr. Stone sent someone to retrieve it from the "trash." She argues that Mr. Stone's actions indicate he was cognizant that the ladder could be needed as evidence for potential future litigation. Notwithstanding Plaintiffs' arguments, Mr. Stone's state of mind after the ladder's disposal does not as a matter of law impose a duty on J.C. Penney to preserve the ladder.

Defendants also argue that Plaintiffs' negligent spoliation claim is preempted by Ms. Lewis's workers' compensation claim. Because Defendants' motion for summary judgment on the negligent spoliation claim is granted, it is unnecessary to reach the merits of the parties' arguments on workers' compensation preemption.

*pace,* 50 Cal.App.4th 740, 57 Cal.Rptr.2d 821 (1996). In *Gomez,* decedent choked to death at work when his clothing became entangled in a powered posthole digger. Investigators from the Occupational Safety and Health Administration and the Santa Barbara County Sheriff's Department inspected and photographed the posthole digger and the tractor on which it was mounted. *Id.* at 742, 57 Cal.Rptr.2d 821. A few days later, the employer asked the OSHA inspector whether he could destroy the post hole digger. *Id.* When the inspector voiced no objection, the employer destroyed the post hole digger. *Id.* Plaintiff sued the employer for intentional and negligent spoliation of evidence. *Id.*

The trial court ruled that the negligent spoliation claim was barred by the exclusive remedies of California's workers' compensation framework. *Id.* at 748, 57 Cal.Rptr.2d 821. The Court of Appeals held that the exclusive remedy rule did not bar plaintiff's negligent spoliation claim. *Id.* In addressing the parties' arguments of whether spoliation is a normal incident of employment such that it falls within the scope of the workers' compensation scheme, the *Gomez* court held:

> [W]hile occasional injuries from defective work equipment may be an unexpected incident of employment, workers should not be expected to anticipate the almost immediate destruction of such equipment after an industrial accident. Indeed, the average worker would reasonably anticipate the opposite, by assuming the employer will preserve defective equipment, if for no other reason than to protect the employers' own potential claims against manufacturers, distributors and retailers of the equipment.

*Id.* at 751, 57 Cal.Rptr.2d 821.

Plaintiffs believe this language from *Gomez* establishes that a claim for negligent spoliation of evidence can be maintained where the evidence is immediately destroyed and a plaintiff is denied an opportunity to specifically request its preservation.

The dicta of *Gomez* is both unpersuasive and distinguishable from the present case. The issue before the *Gomez* court was whether the exclusive remedy provisions of workers' compensation barred plaintiffs' negligent spoliation claims. The *Gomez* court did not mention or address the holdings of *Reid* and

*Anderson,* which require that a "specific request" to preserve evidence must be made in order to maintain a negligent spoliation claim. The *Gomez* court presumably did not analyze the holdings of these cases, which its reasoning conflicts with, because it was focusing on the interplay between negligent spoliation and workers' compensation claims, instead of the elements of a prima facie negligent spoliation claim. The extension of the law by an intermediate state appellate court to redefine and extend the legal elements of the tort of negligent spoliation without direction from the California legislature or the California Supreme Court, should not be furthered by a federal trial court.

*Dunham* is the better reasoned decision as it analyzes in depth the competing burdens in imposing a per se duty of preservation of evidence on every employer. Absent a specific request by employees, it is unnecessarily burdensome to require employers to affirmatively protect and preserve evidence employees may need for purposes of a third party suit. Plaintiff's suggestion that a federal trial court, sitting in a diversity case, should extend the law of negligent spoliation to encompass situations where a plaintiff has not timely given notice or specifically requested the employer preserve relevant evidence prior to the evidence's disposal based on dicta in the decision of a state intermediate court of appeal is rejected. *See Jones–Hamilton Co. v. Beazer Materials & Serv., Inc.,* 973 F.2d 688, 692 (9th Cir.1992) (In diversity case, district courts decide issues of state law as believed the state's highest court would decide them when the state supreme court has not expressly ruled on the issue.). The California legislature has not made that choice nor have California courts been willing to impose liability for negligent spoliation of evidence absent an express request by plaintiff. *Dunham,* 57 Cal.App.4th at 26, 66 Cal. Rptr.2d 747 (citing *Reid,* 173 Cal.App.3d at 581, 218 Cal.Rptr. 913); *see also Anderson,* 1994 WL at *7. *Gomez* is inapposite to the court's analysis of the parties' arguments.

As a matter of law, Plaintiffs have presented no evidence that Defendants owed Plaintiffs a general duty to preserve the ladder for evidence in an inchoate third party suit ab-

sent a specific request by plaintiff prior to the destruction of the evidence. J.C. Penney's motion for summary judgment as to the negligent spoliation of evidence claim is GRANTED.

### B. *Intentional Spoliation of Evidence*

■ Plaintiffs have also asserted a claim for intentional spoliation of evidence against J.C. Penney. The Defendants correctly move for summary judgment on this claim arguing that Plaintiffs cannot demonstrate that Defendant intentionally discarded the ladder because it knew that Ms. Lewis had brought or was planning to file a "third party" civil claim. Plaintiffs have also proffered no evidence the ladder was discarded in order to disrupt plaintiff's case. At most, Mr. Stone ordered the ladder discarded and then had second thoughts, but the ladder disappeared without any alleged procurement by the defendant.

■ Furthermore, in *Cedars–Sinai Medical Center v. Superior Court,* the Supreme Court of California held that "there is no tort remedy for the intentional spoliation of evidence by a party to the cause of action to which the spoliated evidence is relevant, in cases in which ... the spoliation victim knows or should have known of the alleged spoliation before the trial or other decision on the merits of the underlying action." 18 Cal.4th 1, 74 Cal.Rptr.2d 248, 258, 954 P.2d 511 (1998). Plaintiffs "do not oppose the grant of partial summary judgment" on the intentional spoliation cause of action. Summary judgment on the intentional spoliation of evidence claim is GRANTED because Plaintiffs have not alleged or proved a cognizable claim of intentional spoliation against J.C. Penney.

### V. *CONCLUSION*

For the reasons discussed herein, Defendant's motion for summary judgment as to:

(1) Plaintiff's cause of action for negligent spoliation of evidence is GRANTED; and

(2) Plaintiff's cause of action for intentional spoliation of evidence is GRANTED.

Counsel for J.C. Penney shall prepare an order in conformity with this memorandum opinion and lodge it with the court within five

(5) business days following the date of service of this memorandum opinion.

IT IS SO ORDERED.