COBB, Chief Justice
(dissenting).
The record in this case shows that it is undisputed that no one on Thomas O’Troy Killings’s behalf, including his attorney, ever offered to pay Enterprise Leasing Company, Inc., to store the van in such a way as to preserve it. Nor was Enterprise Leasing kept informed as to whether litigation involving the van was ever filed or the status of the investigation, for over two years after Killings’s initial inspection of the van. This Court has held:
“ ‘The specific request to preserve must be accompanied by an offer to pay the cost or otherwise bear the burden of preserving. We do not think a tort duty to preserve should be created simply by someone specifically requesting a third party to preserve something. Preservation may entail significant burdens.’ ”
Smith v. Atkinson, 771 So.2d 429, 433 (Ala.2000) (quoting Johnson v. United Servs. Auto. Ass’n, 67 Cal.App.4th 626, 627, 79 Cal.Rptr.2d 234, 241 (1998)). Moreover, Killings’s communications to *1225 Enterprise Leasing concerning the likelihood of the need for the evidence in question — the van — implied that that need would be outstanding for a period of months rather than two and one-half years. I believe that this summary judgment is due to be affirmed because Killings cannot show that Enterprise Leasing had a “duty,” as defined in Smith, to preserve the evidence in question. Therefore, I respectfully dissent.