[No. B007191. Second Dist., Div. One. June 28, 1985.]

PEDRO VELASCO et al., Plaintiffs and Appellants, v.
COMMERCIAL BUILDING MAINTENANCE COMPANY,
Defendant and Respondent.

**COUNSEL**

James Fernandes and Edward Tabash for Plaintiffs and Appellants.

Wise & Nelson, John W. Nelson and John H. Shean for Defendant and Respondent.

## OPINION

**DALSIMER, J.**—Pedro Velasco and his son, Pedro Velasco, Jr., sustained personal injuries when a bottle exploded. In their first amended complaint plaintiffs alleged that they took the remains of the bottle to an attorney who proceeded to place the bottle fragments in a paper bag which he left on top of his desk. Plaintiffs alleged that the agents of the owner of the building in which plaintiffs' attorney worked "negligently . . . destroyed or disposed of the aforesaid remnants of the exploded bottle" while cleaning the office of plaintiffs' attorney. Defendant Commercial Building Maintenance Company was served as a Doe defendant and filed a demurrer to the first amended complaint.

It was neither alleged that the paper bag was in any way marked to designate that its contents pertained to a case nor is it here contended that plaintiffs could have so alleged had leave to amend been granted. Further, the record does not reflect that plaintiffs sought leave to file a second amended complaint to so state.

Plaintiffs purport to appeal from the order sustaining the demurrer of defendant Commercial Building Maintenance Company without leave to amend. ■ While an order sustaining a demurrer without leave to amend is nonappealable (*Taylor* v. *State Personnel Bd.* (1980) 101 Cal.App.3d 498, 501, fn. 1 [161 Cal.Rptr. 677]), " '[w]hen a demurrer to a complaint has been sustained without leave to amend, the only judgment which properly may be entered is a dismissal of the action.' [Citations.]" (*Beazell* v. *Schrader* (1963) 59 Cal.2d 577, 579-580 [30 Cal.Rptr. 534, 381 P.2d 390].) Where no judgment has been entered, the appellate court may, and in the instant case we do, amend the nonappealable order to make it an appealable order of dismissal and construe the notice of appeal as applying to the order of dismissal. (*Taylor* v. *State Personnel Bd., supra,* 101 Cal.App.3d 498, 501, fn. 1.)

Language in *Williams* v. *State of California* (1983) 34 Cal.3d 18, 27-28 [192 Cal.Rptr. 233, 664 P.2d 137], indicates that our Supreme Court has recognized that a cause of action for negligent spoliation of evidence may be stated in appropriate circumstances. In *Williams* the plaintiff was injured when a piece of heated brake drum from a passing truck was propelled through the windshield and struck her in the face. She alleged that the

highway patrolman who " 'arrived within minutes of the accident and assumed the responsibility of investigating the accident' " (*id.*, at p. 21) so negligently and carelessly investigated the accident as to " 'virtually destroy any opportunity on plaintiff's part to [recover damages].' " (*Id.*, at pp. 21-22.) Pointing out that the alleged negligence was nonfeasance, the *Williams* court held that no cause of action had been stated because the plaintiff had not established a duty to preserve evidence. (*Id.*, at pp. 27-28.) Because the parties had incorrectly believed that governmental immunity was a threshold issue making unnecessary a full analysis of the duty question, the Supreme Court directed that the plaintiff be given leave to amend. (*Id.*, at p. 28.)

Relying on *Williams* v. *State of California, supra,* 34 Cal.3d 18, and case law recognizing the tort of intentional interference with prospective business advantage, Division Three of this court held in *Smith* v. *Superior Court* (1984) 151 Cal.App.3d 491 [198 Cal.Rptr. 829] that a cause of action may be stated for intentional spoliation of evidence. *Smith* held that such a cause of action is stated by allegations that a defendant intentionally lost or destroyed certain physical evidence that it had promised to preserve and that the loss of such evidence significantly prejudiced the plaintiffs' opportunity to recover damages for their injuries.

In *Agnew* v. *Parks* (1959) 172 Cal.App.2d 756, 765-766 [343 P.2d 118], we held that no civil action can be maintained for obstruction of justice resulting from the concealment of documentary evidence during trial. We based our holding in part on a former version of Penal Code section 135, which provided for felony prosecution for concealment of documentary evidence. (*Agnew* v. *Parks, supra,* 172 Cal.App.2d at p. 766.) We also based the holding on the basic principle that "there must be an end to litigation." (*Id.*, at p. 765.) *Smith* v. *Superior Court, supra,* 151 Cal.App.3d 491, criticized and distinguished our holding in *Agnew* by stating that the *Smith* court "[knew] of no reported prosecution under section 135—adopted in 1872— . . . for destroying or concealing documentary evidence relevant only to *prospective civil action.* [¶] Neither section 135 nor *Agnew* prevents the recognition of intentional spoliation of evidence for prospective civil litigation as a *tort.* " (*Smith, supra,* 151 Cal.App.3d at p. 500, italics in original.)

▮ For the reasons described in *Smith* v. *Superior Court, supra,* 151 Cal.App.3d 491, we hold that a cause of action may be stated for negligent destruction of evidence needed for prospective civil litigation.

*J'Aire Corp.* v. *Gregory* (1979) 24 Cal.3d 799 [157 Cal.Rptr. 407, 598 P.2d 60] recognized the tort of negligent interference with prospective economic advantage. (*Id.*, at pp. 803-804.) The *J'Aire* court relied on an as-

sessment of the following criteria in determining that such a cause of action had been stated: "(1) the extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of harm to the plaintiff, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection between the defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct and (6) the policy of preventing future harm. [Citation.]" (*Id.*, at p. 804, fn. omitted.)

Focusing on the second of these factors, we note that plaintiffs' case against respondent rests entirely on the fact that the bag containing the bottle fragments had not been deposited in the trash can by plaintiffs' attorney. Plaintiffs contend that it should have been reasonably foreseeable to the custodian upon discerning bottle remains or simply seeing a bag on the attorney's desk that its contents would pertain to a client's case. ■ " '[F]oreseeability is not to be measured by what is more probable than not, but includes whatever is likely enough in the setting of modern life that a reasonably thoughtful [person] would take account of it in guiding practical conduct.' [Citation.] One may be held accountable for creating even ' "the risk of a slight possibility of injury if a reasonably prudent [person] would not do so." ' [Citations.]" (*Bigbee* v. *Pacific Tel. & Tel. Co.* (1983) 34 Cal.3d 49, 57 [192 Cal.Rptr. 857, 665 P.2d 947].) While foreseeability of harm is ordinarily a question of fact (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 186 [203 Cal.Rptr. 626, 681 P.2d 893]; *Bigbee* v. *Pacific Tel. & Tel. Co., supra,* 34 Cal.3d at p. 56), it becomes a question of law when under the alleged facts there can be no reasonable difference of opinion. (See *ibid.*) ■ Under the facts alleged in plaintiffs' first amended complaint, the trial court properly concluded that foreseeability could be determined as a matter of law.

A reasonably thoughtful maintenance employee should not be expected to believe that he or she would destroy valuable evidence which might decrease a client's chance of recovery in a product liability action when that employee sees on an attorney's desk an unlabeled bag containing a broken bottle. On the contrary, a reasonably thoughtful janitor is entitled to assume that, if an item that seemed to be garbage were actually evidence, its container would be appropriately marked and, quite likely, not left lying about. Absent such a designation, it is reasonable for a maintenance person who sees a bag containing a broken bottle in the course of cleaning an office to remove *it* in much the same way as he or she would throw away the remains of a mid-morning coffee break. No important policy would be furthered by a holding that maintenance workers have a duty not to throw away what appears to be trash simply because such objects are located in an attorney's office. If loss of evidence dealt with in the manner herein described should

have been foreseeable, that loss should have been foreseen by the attorney, not by respondent.

The order of dismissal is affirmed.

Spencer, P. J., and Lucas, J., concurred.