Mark SUSSMAN, et al., Plaintiffs,

v.

**AMERICAN BROADCASTING COMPANIES, INC., et al.,** Defendants.

No. CV 94–8524 JMI (EX).

United States District Court, C.D. California.

Feb. 12, 1997.

Neville L. Johnson, Neville L. Johnson & Associates, Los Angeles, CA, for plaintiffs.

Shari Cohen Rosenman, Christensen Miller Fink Jacobs Glaser Weil & Shapiro, Los Angeles, CA, for defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

IDEMAN, District Judge.

**IT IS HEREBY ORDERED:**

Defendants' Motion for Summary Judgment came before this Court on Monday, February 10, 1997. After careful review and consideration, Defendants' motion is hereby GRANTED.

### BACKGROUND

Plaintiffs are the owners and employees of Psychic Marketing Group ("PMG"), a company which provides psychic advice via a 900 telephone number service. Plaintiffs sued Defendants, a television network (ABC), its employees and journalists, for conducting and broadcasting an undercover investigation of PMG's operation.

While working for the investigative news show "PrimeTime Live," Defendant Stacy Lescht ("Lescht") misrepresented to PMG that she worked at another office of PMG and was seeking work in Plaintiffs' offices. Using a hidden camera and microphone, Lescht recorded conversations with PMG employees about the operations of PMG. The business practices of PMG observed by Lescht inspired a subsequent "ambush interview," where an ABC reporter and camera crew entered the PMG premises and questioned PMG employees about PMG's operations. The footage from the hidden camera and the subsequent open interviews were then broadcast nationally.

After surviving several motions to dismiss, Plaintiffs filed a Third Amended Complaint on January 19, 1996. In their Third Amended Complaint, Plaintiffs allege: (1) Violation of Federal Eavesdropping Statute and Conspiracy to Eavesdrop (18 U.S.C. §§ 2511, 2515); (2) Fraud and Conspiracy to Commit Fraud; (3) Unlawful Eavesdropping on or Recording of Confidential Communication (Cal. Penal Code § 632(a), 637.2); and (4) Spoliation of Evidence.

## SUMMARY JUDGMENT STANDARD

Defendants move for summary judgment pursuant to Fed.R.Civ.P. 56. Summary judgment is proper where, based on the appropriate materials submitted, the moving party shows that there exists no genuine issue of material fact for a jury to decide. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Where the moving party satisfies its burden, the non-moving party may not rest on its pleadings or allegations; it must set forth specific facts showing that no genuine issue of material fact exists. Fed.R.Civ.P. 56(e).

## STATE STATUTORY CLAIMS

Defendants argue, and Plaintiffs now concede, that Plaintiffs' state statutory causes of action for Unlawful Eavesdropping on or Recording of Confidential Communication (Cal. Penal Code § 632(a), 637.2) are time-barred by the statute of limitations. Therefore, summary disposition is proper as to these claims.

## DEFENDANT SYLVIA CHASE AND PLAINTIFFS CLOUD AND MAY ARE DISMISSED FROM THIS ACTION

Plaintiffs also concede that they have "no viable claims" against Defendant Sylvia Chase. Further, Mr. Neville Johnson, Plaintiffs' attorney, maintains that Plaintiffs Florence Cloud and Billie Yvonne May should be dismissed from this action. Accordingly, Plaintiffs May and Cloud are hereby DISMISSED WITHOUT PREJUDICE pursuant to Fed.R.Civ.P. 41(a)(2). All claims against Defendant Chase are hereby DISMISSED WITH PREJUDICE.

1. On August 1, 1995, this Court ruled that all damages arising from the ABC broadcast were time-barred by the Uniform Publication Act. Therefore, Plaintiffs have alleged fraud damages based on the "intrusions" of Oetgen and Lescht. On December 13, 1995, these claims survived a motion to dismiss, though the Court noted that there appeared to be a "paucity of evidence" with respect to Plaintiffs' allegations.

## FRAUD AND CONSPIRACY TO COMMIT FRAUD

■ The remaining Plaintiffs assert against Defendants Lescht and Oetgen common law causes of action for fraud and conspiracy to commit fraud. In the Third Amended Complaint, Plaintiffs allege that the intrusions caused by Defendants Oetgen and Lescht's surreptitious recordings gives rise to damages.[1] In California, the elements of fraud are: (1) a misrepresentation of fact; (2) made with knowledge of its falsity (scienter); (3) made with the intent to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Magpali v. Farmers Group, Inc.*, 48 Cal.App.4th 471, 55 Cal.Rptr.2d 225, 233 (2 Dist.1996).

■ Defendants first argue that Plaintiffs cannot prove a claim of fraud because no resulting damage has been shown. Plaintiffs contend to the contrary. *See* Declarations of Perry Carter, et al. In this Court's opinion, however, this is a non-genuine issue of fact which must be resolved in favor of Defendants on summary judgment. Defendants have submitted substantial deposition testimony which clearly shows that Plaintiffs admit that their alleged damages in this action were caused by the ABC broadcast, not by the intrusions of Lescht and Oetgen. *See* Dec. Of Steven M. Perry. In deposition after deposition, Plaintiffs state in frank terms that their damages were caused *solely* by the ABC broadcast and by nothing else. *Id.*

In response, Plaintiffs submit ten declarations, taken after Plaintiffs depositions and created solely for the purpose of this motion. *See* Decs. Of Perry Carter, et al. Each declaration contains identical language and directly contradicts prior deposition testimony. In these declarations of convenience, Plaintiffs attempt to salvage a cause of action that they have all but admitted do not exist.[2]

2. Plaintiffs' counsel's elastic concept of the truth is best illustrated in the following deposition passage:

Defense Counsel: When did you stop working at PMG entirely?

Donofrio: I took a leave of absence in October of 1993, and I was terminated in February of 1994, after I asked for my leave to be extended. Should I not be saying this?

Therefore, Plaintiffs' last-minute declarations do not create a triable issue of fact for a jury to decide.

 Also, Defendants point out another valid reason to grant summary judgment. Defendants argue that Plaintiffs' fraud claims are time-barred by the one year statue of limitations as stated in Cal. Code Civ. Pro. § 340(3). Generally, the statute of limitations is three years for claims of fraud. Cal. Civ. Pro. Code § 338(d). However, the statute of limitations rule to be applied hinges on the essential "nature of the right sued upon or the principal purpose of the action, not by the form of the action or the relief requested." *Barton v. New United Motor Manufacturing, Inc.*, 43 Cal.App.4th 1200, 1207, 51 Cal.Rptr.2d 328 (1 Dist.1996). While Plaintiffs make claims of fraud and conspiracy to commit fraud, their claims in essence hinge on the invasion of privacy alleged. "Plaintiffs would never have engaged in any conversations with and revealed any information to Lescht, Bell, Hill, and Oetgen had they known the truth behind the false representations." Third Amended Complaint, ¶ 40. While wrapped in the rubric of fraud, Plaintiffs' claims more accurately assert personal privacy interests, and the one year statute of limitations should apply. Cal. Code Civ. Pro. § 340(3). Accordingly, because Plaintiffs did not file the Complaint until 19 months after the ABC broadcast aired, these claims are time-barred.

## FEDERAL EAVESDROPPING CLAIMS

 Plaintiffs also assert civil causes of action pursuant to 18 U.S.C. §§ 2511 and 2515, which prohibit unlawful eavesdropping under federal law. These claims, however, are meritless. Federal law provides that it shall not be unlawful for a person to intercept wire or oral communications where that person is a party to the conversation, "unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or any State." 18 U.S.C. § 2511(2)(d). In this case, each surreptitious taping was made by a party to the conversation. Therefore, Plaintiffs may only recover if they can show that the recordings were made for the purpose of committing a criminal or tortious act.

 The legislative history of the Electronic Communications Privacy Act of 1986, amending 18 U.S.C. § 2511, clearly indicates that where a journalist is party to a conversation, the recording of such a conversation for news gathering purposes is not criminal or tortious conduct within the meaning of the statute. In amending 18 U.S.C. § 2511, the words "or for the purpose of committing any other injurious act" were stricken. Congress noted that courts had incorrectly interpreted this phrase to attach civil liability to a journalist who had recorded conversations to which it was a party. The 1986 amendment, therefore, was enacted specifically to protect such conduct from civil liability. *S.Rep. No.* 99–541, *reprinted in* 1986 U.S.C.C.A.N. 3555, 3571. Congress also noted that such a broad interpretation of the statute would chill the First Amendment right to a free press. 1986 U.S.C.C.A.N. at 3571. This Court strongly agrees with that conclusion.[3] Such an interpretation of the statute would "place[ ] a stumbling block in the path of even the most scrupulous journalist." *Id.* Therefore, it seems clear that Plaintiffs' claims for relief under the federal eavesdropping statute have no merit in law, making summary disposition appropriate.

## SPOLIATION OF EVIDENCE

 Each of the Plaintiffs asserts spoliation of evidence claims against Defendants ABC and Oetgen. It is well settled, however, that the tort of spoliation of evidence applies only to the "destruction of evidence

---

Plaintiffs' Counsel: No, you're supposed to say—

Donofrio: Okay, because, I mean, I—

Defense Counsel: You're supposed to say everything that's truthful.

Deposition of Candice A. Donofrio, Sept. 27, 1996, p. 32.

**3.** For the same reason, Plaintiffs' fraud claims cannot survive summary judgment, as enforcement of such a civil claim at common law would trigger state action that would chill the First Amendment guarantee of a free press. *See New York Times v. Sullivan*, 376 U.S. 254, 265, 84 S.Ct. 710, 718, 11 L.Ed.2d 686 (1964).

needed for prospective civil litigation." *Velasco v. Commercial Bldg. Maintenance Co.*, 169 Cal.App.3d 874, 877, 215 Cal.Rptr. 504 (2 Dist.1985). Therefore, because summary disposition is proper as to each of Plaintiffs' other claims, Plaintiffs' spoliation claims must also be dismissed, for there is no longer be any *prospective* civil litigation to which such claims could attach.

## CONCLUSION

For the reasons mentioned above, Defendants' motion for summary judgment is hereby GRANTED.

**IT IS SO ORDERED.**