[No. B118244. Second Dist., Div. Six. Dec. 14, 1998.]

JOVANNA HERNANDEZ, Plaintiff and Appellant, v.
GILBERT GARCETTI, as District Attorney, etc., Defendant and
Respondent.

**COUNSEL**

Mitchell W. Roth and K. Elizabeth Cronin for Plaintiff and Appellant.

De Witt W. Clinton, County Counsel, S. Robert Ambrose, Assistant County Counsel, Kevin C. Brazile and Peter M. Glick, Principal Deputy County Counsel, for Defendant and Respondent.

## OPINION

**COFFEE, J.**—Jovanna Hernandez (appellant) filed a government tort claim for third party spoliation of evidence against respondent Gilbert Garcetti (District Attorney). The claim was denied as untimely under the California Tort Claims Act (Gov. Code, § 900 et seq.),[1] and the trial court denied appellant's petition for relief under section 946.6. We affirm.

### FACTS

On August 31, 1996, appellant was a passenger in a Ford Thunderbird driven by her husband. She was seriously injured when he crashed the car. Los Angeles Police Department officers arrested appellant's husband for driving under the influence. The car was impounded by, and stored at, ATS Towing Company (ATS).

On October 15, 1996, appellant retained Attorney Mitchell W. Roth (Roth) to represent her in a personal injury action. Roth began to investigate whether defective seat belts in the car had contributed to appellant's injuries.

Sometime between October 17 and October 30, 1996, Roth contacted ATS to arrange for an inspection of the car. He spoke to an employee named "Rubin," who told him the car was on the lot, but could not be inspected because neither appellant nor her husband was a registered owner and the owner's permission was needed. Roth informed Rubin that the car was important evidence in a lawsuit and should not be removed from the lot.

Roth obtained the name of the car's registered owner and attempted to contact that entity about an inspection. In the meantime, he filed a product liability lawsuit against Ford Motor Company. He then obtained a subpoena duces tecum directing ATS to produce the car for inspection. On December 18, 1996, Roth received a document from ATS showing that the car had been sold at a storage-lien sale on October 8, 1996. He called ATS that same day and confirmed that the car had been sold. Roth attempted to locate the car for inspection, but was unable to do so and gave up these efforts by March or April of 1997. In June of 1997, he settled appellant's product liability lawsuit against Ford Motor Company.

---

[1]Statutory references are to the Government Code unless otherwise indicated.

PROCEEDINGS

On July 2, 1997, Roth presented a claim to the District Attorney under the California Tort Claims Act, which alleged that the office had spoliated evidence when it failed to prevent a storage-lien sale of the car. (§ 910.) He also presented the same claim to the county board of supervisors on July 14, 1997. The claim was based on the theory that ATS had retained the car on behalf of the District Attorney, who needed it as evidence to prosecute the driving under the influence case against appellant's husband.

Claims for an injury to person or to personal property against a governmental entity must be presented within six months of the date they accrue. (§ 911.2.) The claim against the District Attorney was rejected as untimely. Roth filed a petition for leave to present a late claim, which was denied. (§ 911.4.)

Section 945.4 precludes a lawsuit for damages against a governmental entity when the plaintiff has not followed the claims procedure required by the California Tort Claims Act. Relief from this provision may be sought under section 946.6. On September 17, 1997, Roth filed a petition in superior court under section 946.6, seeking leave to file a complaint against the District Attorney for spoliation of evidence.

The section 946.6 petition requested relief on two grounds. First, it alleged that the July 2, 1997, claim against the District Attorney was timely because the cause of action for spoliation either accrued in March or April of 1997, when it became apparent that the car could not be located, or in June of 1997, when appellant settled her product liability suit against Ford Motor Company. Second, the petition alleged that if the claim was untimely, it was due to "mistake" or "excusable neglect" under section 946.6, subdivision (c)(1).

The trial court denied the petition under section 946.6, after determining (1) appellant's cause of action for spoliation began to run no later than December 18, 1996, when Attorney Roth was advised by ATS that the car had been sold; (2) appellant's attorney had therefore filed the July 2, 1997, claim with the District Attorney after the six-month period of section 911.2 expired; (3) neither appellant nor her counsel had exercised due diligence in investigating the spoliation claim against the District Attorney after learning the car had been sold.

DISCUSSION

I.

*"Third Party" Spoliation of Evidence*

■ Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation. (Bruzzano, *Spoliation of Evidence in California* (1994) 24 Sw. U. L.Rev. 123.) Our Supreme Court recently held that there is no separate tort cause of action for intentional spoliation committed by a party to the underlying lawsuit, at least when the spoliation is or should have been discovered before the conclusion of that lawsuit. (*Cedars-Sinai Medical Center* v. *Superior Court* (1998) 18 Cal.4th 1, 4 [74 Cal.Rptr.2d 248, 954 P.2d 511].)

Although such "first party" spoliation claims are now barred, the court's holding did not encompass "third party" spoliation claims such as appellant's, where a nonparty allegedly destroys or fails to preserve evidence that is relevant to a lawsuit. (*Cedars-Sinai Medical Center* v. *Superior Court, supra,* 18 Cal.4th at p. 18, fn. 4.) We assume, without deciding, that third party spoliation survives as a tort cause of action. (See, e.g., *Johnson* v. *United Services Automobile Assn.* (1998) 67 Cal.App.4th 626 [79 Cal.Rptr.2d 234]; *Dunham* v. *Condor Ins. Co.* (1997) 57 Cal.App.4th 24, 27-28 [66 Cal.Rptr.2d 747]; *Velasco* v. *Commercial Bldg. Maintenance Co.* (1985) 169 Cal.App.3d 874 [215 Cal.Rptr. 504].) We also assume, without deciding, that a third party governmental entity can be sued for spoliation.

II.

*The Cause of Action for Spoliation Accrued on December 18, 1996*

The car was sold by ATS on October 8, 1996, and appellant's attorney learned of the sale on December 18, 1996. The facts alleged in the petition for relief and the evidence presented in support of that petition demonstrate that appellant's cause of action could not have accrued until she knew or reasonably should have known that the car had been sold.

The uncontradicted evidence supporting the petition for relief showed that ATS concealed the sale of the car until December 18, 1996, when it provided Attorney Roth with documentation in response to his subpoena duces tecum. ■ When a defendant fraudulently conceals the facts on which a cause of action depends, the statute of limitations is tolled until the plaintiff

discovers or ought to have discovered those facts. (See *Bernson* v. *Browning-Ferris Industries* (1994) 7 Cal.4th 926, 931 [30 Cal.Rptr.2d 440, 873 P.2d 613]; *Sears, Roebuck & Co.* v. *Blade* (1956) 139 Cal.App.2d 580, 589 [294 P.2d 140]; 3 Witkin, Cal. Procedure (4th ed. 1996) Actions, §§ 685, p. 872, 693, p. 885.) Roth acted with reasonable diligence by contacting ATS in October to confirm that they had the car and advise them that it was evidence in a lawsuit. Assuming ATS was acting as the District Attorney's agent, as appellant alleged, its misrepresentation that the car was still on their lot tolled the statute of limitations for the spoliation claim until Roth learned of the sale on December 18.

If appellant's cause of action accrued on December 18, 1996, then her July 2, 1997, claim against the District Attorney was late under the six-month claims period established by section 911.2.[2] Appellant concedes as much in her briefs, but argues that her cause of action did not ripen until it became apparent that the vehicle would not be located, sometime in March or April of 1997. She relies on *Davies* v. *Krasna* (1975) 14 Cal.3d 502, 514 [121 Cal.Rptr. 705, 535 P.2d 1161, 79 A.L.R.3d 807], for the proposition that a limitations period does not commence until a plaintiff has suffered an appreciable injury. *Davies* held that an actual injury is required to trigger the statute of limitations, but explained, "[A]lthough a right to recover nominal damages will not trigger the running of the period of limitation, the infliction of appreciable and actual harm, however uncertain in amount, will commence the statutory period. Under present authority, neither uncertainty as to the amount of damages nor difficulty in proving damages tolls the period of limitations. [Fn. omitted.]" (*Ibid.*)

■ Appellant claims she did not suffer actual harm until some three months after learning of the sale of the car, when her attorney determined it could not be located. We disagree. She theoretically suffered damage as soon as the vehicle was sold on October 8, 1996, although the statute of limitations was tolled until she learned of the sale on December 18. She may not have then known the full extent of the harm, and may yet have been able to mitigate her damages by locating the car through its new owner. But the sale of the car, and not the decision to give up the search, was the act which rendered it unavailable as evidence and gave rise to a cause of action for spoliation.

Appellant also suggests that her cause of action did not accrue until she settled her product liability lawsuit against Ford Motor Company in June of

---

[2]The six-month period is actually one hundred eighty-two days under section 6803. (See *Schmidt* v. *Southern Cal. Rapid Transit Dist.* (1993) 14 Cal.App.4th 23, 26 [17 Cal.Rptr.2d 340].) If the cause of action accrued on December 18, 1996, then the six-month period expired on June 18, 1997.

1997. The resolution of that lawsuit might have enabled her to better calculate the *amount* of her damages caused by the spoliation, if any, but it was not the event which *caused* her damages. (See *Augusta* v. *United Service Automobile Assn.* (1993) 13 Cal.App.4th 4 [16 Cal.Rptr.2d 400] [assuming that two-year statute of limitations for spoliation claims runs from destruction of evidence or notification to damaged party]; but see *Federated Mut.* v. *Litchfield Prec. Comp.* (Minn. 1990) 456 N.W.2d 434 [spoliation claim was premature where lawsuit to which evidence was relevant had not yet been filed].)

The amount of damages for spoliation will often be difficult to prove, even when the underlying lawsuit has been resolved by settlement or verdict. Our Supreme Court has recognized that in a significant number of spoliation cases, even the *fact* of damages will be "irreducibly uncertain." (*Cedars-Sinai Medical Center* v. *Superior Court, supra,* 18 Cal.4th at pp. 13-14.) This uncertainty was one of many factors which persuaded the court to reject first party spoliation as a separate tort, and some of the same arguments might be made against recognizing third party claims. So far, however, negligent third party spoliation has not been eliminated as a separate cause of action.

Requiring the final resolution of the underlying lawsuit before a spoliation claim accrues would also be unworkable in cases where the spoliation prevented the plaintiff from ever filing suit. Such a rule would effectively bar spoliation claims by those parties most injured by the destruction or loss of evidence, i.e., those parties who must completely forego their cause of action as a result. We decline to adopt it.

## III.

### *Appellant Has Not Demonstrated "Mistake" or "Excusable Neglect" Under Section 946.6, Subdivision (c)(1)*

Appellant argues that if her claim against the District Attorney was late, that lateness was excusable under section 946.6, subdivision (c)(1). That provision allows the court to excuse compliance with the claims procedure when, "The failure to present the claim was through mistake, inadvertence, surprise, or excusable neglect unless the public entity establishes that it would be prejudiced in the defense of the claim . . . ." (*Ibid.*)

The trial court denied relief on this ground, finding that appellant had not exercised due diligence in pursuing her spoliation claim against the District Attorney. We review this ruling for abuse of discretion, cognizant of the rule that orders denying relief under section 946.6 are scrutinized more carefully

than orders granting relief. (*Bettencourt* v. *Los Rios Community College Dist.* (1986) 42 Cal.3d 270, 275-276 [228 Cal.Rptr. 190, 721 P.2d 71].)

The evidence presented in support of the motion included declarations by attorney Roth and excerpts from his deposition, which was taken after he filed the petition for relief under section 946.6. Roth acknowledged that as of late October, he was concerned about inspecting the car involved in appellant's accident and understood this inspection to be important to any product liability lawsuit against Ford Motor Company and others. He discovered on December 18, 1996, that the car had been sold by ATS, contrary to what he was told during an earlier conversation with an ATS employee. He was aware that third party spoliation of evidence could give rise to a tort claim because when ATS advised him of the sale, he told them that if the car was not found, "they would be looking at the wrong end of a spoliation case." Roth believed that ATS was an agent of the District Attorney, and had custody of the car pending the prosecution of appellant's husband.

Roth did not claim to be ignorant of the tort claim requirements or the six-month filing period, and it was clear that he understood the importance of the car to his product liability case. He knew of the alleged agency relationship between ATS and the District Attorney. In his declaration supporting the application to file a late claim, Roth explained his delay by stating that he believed the cause of action for spoliation arose when it became clear (in March or April of 1997) that he could not locate the car.

The alleged "mistake" under section 946.6, subdivision (c)(1) was Roth's error in determining when the spoliation claim accrued. It is thus properly analyzed as a mistake of law; in other words, a mistake occurring " 'when a person knows the facts as they really are but has a mistaken belief as to the legal consequences of those facts.' " (*Moore* v. *State of California* (1984) 157 Cal.App.3d 715, 722 [203 Cal.Rptr. 847], citing *Baratti* v. *Baratti* (1952) 109 Cal.App.2d 917, 921 [242 P.2d 22].) The trial court determined that Roth's mistake as to the accrual date was unjustified.

 A mistake of law under section 946.6 is analyzed in the same manner as a mistake alleged as grounds for relief from default under Code of Civil Procedure section 473. (*Moore* v. *State of California, supra,* 157 Cal.App.3d at p. 722.) " '[A] mistake as to law does not require relief from default as a matter of law. [Citation.] The issue of which mistakes of law constitute excusable neglect presents a fact question; the determining factors are the reasonableness of the misconception and the justifiability of lack of determination of the correct law. [Citation.] Although an honest mistake of law is a valid ground for relief where a problem is complex and debatable, ignorance of the law coupled with negligence in ascertaining it will certainly

sustain a finding denying relief. [Citations.]' " (*Anderson* v. *Sherman* (1981) 125 Cal.App.3d 228, 238 [178 Cal.Rptr. 38].)

 We believe that reasonable minds could disagree as to whether the spoliation claim accrued on the date the car was sold or the date appellant discovered the sale. But it was not reasonable for counsel to assume that the accrual of the spoliation claim occurred later than the date of discovery, and hinged on when *he* subjectively determined that sufficient efforts had been made to locate the car after he learned of its sale. The trial court properly concluded that Roth's mistake of law was unreasonable under the circumstances.[3]

Finally, the trial court did not abuse its discretion in finding that appellant failed to act diligently in pursuing her spoliation claim, and thus could not prove excusable neglect. While her attorney attempted to locate the car soon after being retained, and apparently continued with this effort after discovering that it had been sold by ATS, these actions only tend to show diligence in prosecuting the product liability claim against Ford Motor Company. We are concerned here with actions to perfect the spoliation claim against the District Attorney. There is no evidence that counsel took any steps in this regard between the date that he learned the car had been sold, and the filing of the claim on July 2, 1997.

The judgment is affirmed. Costs are awarded to respondent.

Stone (S. J.) P. J., and Yegan, J., concurred.

---

[3]The section 946.6 motion alternatively posited that the June 1997 settlement with Ford Motor Company marked the accrual of the spoliation claim. Appellant does not argue that her attorney was relying on the June date when he filed her claim. Attorney Roth's declaration in support of the application to file a late claim shows that he delayed filing because he believed no cause of action had accrued until March-April 1997, when he determined that the car could not be recovered. Absent a showing that Roth relied on the June 1997 settlement date in deciding when to file the claim, we do not consider whether such an interpretation of the law would have been reasonable, even though mistaken.