**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 21 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANDRA M. MEZA-PEREZ, | No. 23-15702 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00373-APG-EJY |
| v. | |
| SBARRO LLC, DBA Sbarro Pizza, a foreign limited liability company; SBARRO, INC., DBA Sbarro Pizza; ZACHARY CEBALLES, an individual; JESUS ALATORRE; ROBERT A. WHITNEY, Deputy Attorney General, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| EFRAIN HERNANDEZ; DANA DORADO, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted October 11, 2024[**]
Las Vegas, Nevada

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: BEA, BENNETT, and MILLER, Circuit Judges.

This appeal comes from a ten-day jury trial where Plaintiff-Appellant Sandra Meza-Perez ("Perez") sued her supervisor, Defendant-Appellee Zachary Ceballes ("Ceballes"), for sexual misconduct allegedly committed while they worked at Defendant-Appellee Sbarro LLC's ("Sbarro") (together, "Defendants") Monte Carlo Hotel location in Las Vegas, Nevada. At trial, Perez claimed that Ceballes committed various Nevada state law torts, and that Sbarro violated Title VII of the Civil Rights Act. A unanimous jury entered verdict for Defendants.

The parties are familiar with the facts, so we recount them only as necessary. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

Because of the breadth of Perez's challenges, we first lay out the various standards of review we must employ on this appeal.

When reviewing a jury verdict in a civil case, we review for substantial evidence—"that is, such relevant evidence as reasonable minds might accept as adequate to support a conclusion." *Sanders v. Parker Drilling Co.*, 911 F.2d 191, 193–94 (9th Cir. 1990). Credibility determinations are jury issues that are insulated from appellate review. *Id.* at 194. We will affirm the jury verdict if there is substantial evidence to support it, "even if it is possible to draw two inconsistent conclusions from the evidence." *Landes Constr. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1371 (9th Cir. 1987).

2

We review the following issues for abuse of discretion—denials of new trial motions based on attorney misconduct, *McKinley v. City of Eloy*, 705 F.2d 1110, 1117 (9th Cir. 1983); evidentiary rulings, *Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995); challenges to the district court's control over the trial, *Geders v. United States*, 425 U.S. 80, 86–87 (1976); orders granting attorneys' motions for leave to withdraw, *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998); denials of sanctions for spoliation of evidence, *see Leon v. IDX Sys. Corp.*, 464 F.3d 951, 957–58 (9th Cir. 2006); and the procedures for peremptory challenges, *United States v. Warren*, 25 F.3d 890, 894 (9th Cir. 1994).

We review for plain error issues not properly objected to or preserved in the district court. *C.B. v. City of Sonora*, 769 F.3d 1005, 1016 (9th Cir. 2014) (en banc). Plain error review in the civil context is discretionary and occurs only if "review is needed to prevent a miscarriage of justice, meaning that error seriously impaired the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1019 (quoting *Diaz-Fonseca v. Puerto Rico*, 451 F.3d 13, 36 (1st Cir. 2006)).

We review de novo a grant of summary judgment and view the facts in the light most favorable to the non-moving party. *EEOC v. Luce, Forward, Hamilton Scripps*, 345 F.3d 742, 746 (9th Cir. 2003). However, on review of a district court's determination of whether equitable estoppel applies at the summary judgment stage, we review for abuse of discretion. *Lukovsky v. City and Cnty. of San Francisco*, 535

F.3d 1044, 1047–48 (9th Cir. 2008).

1.      As a threshold matter, if a party fails to develop legal arguments or support them with citations to legal authorities and the record, we have held that this constitutes forfeiture. *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929–30 (9th Cir. 2003) ("Judges are not like pigs, hunting for truffles buried in briefs." (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991))); *see* Fed. R. App. P. 28(a)(8)(A). We "will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim, particularly when, as here, a host of other issues are presented for review." *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994). Here, Perez challenges the district court's denial of her six omnibus motions in limine, but she does not identify which issues she challenges or explains how the district court abused its discretion in her brief. Accordingly, to the extent she has not briefed these issues, we will not address them.

2.      The district court did not err in denying Perez's motions for a mistrial or a new trial due to attorney misconduct.[1] Perez argues (1) that Sbarro's counsel inappropriately instructed jurors to write things down, (2) that Sbarro's counsel

---

[1] Perez has filed a motion to supplement the record with an affidavit by her attorney, Ms. Sull, regarding Perez's attorney misconduct allegations. Dkt. 26. We do not generally review what was not presented to the district court below, and this affidavit was not presented to the district court. *See Rudin v. Myles*, 781 F.3d 1043, 1057 n.18 (9th Cir. 2015) (citing Fed. R. App. P. 10(a)). Accordingly, we **DENY** Perez's motion to supplement the record.

offered an incorrect legal standard in opening statements, and (3) that Sbarro's counsel prejudiced proceedings by accusing Ms. Sull, Perez's attorney, of criminal acts. Apart from Perez's initial sentences laying out her argument with no legal authority or record citations, Perez never revisits her first two arguments, so we will not address them. *See Indep. Towers of Wash.*, 350 F.3d at 929.

On Perez's third ground for attorney misconduct, the district court did not abuse its discretion in denying Perez's motions for a mistrial or a new trial. To receive a new trial, Perez must demonstrate that the conduct "substantially interfered" with the moving party's interest. *SEC v. Jasper*, 678 F.3d 1116, 1129 (9th Cir. 2012) (quoting *Cal. Sansome Co. v. U.S. Gypsum*, 55 F.3d 1402, 1405 (9th Cir. 1995)). To warrant reversal, the misconduct must "sufficiently permeate an entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict." *Id.* (quoting *Kehr v. Smith Barney, Harris Upham & Co., Inc.*, 736 F.2d 1283, 1286 (9th Cir. 1984)). Here, Perez points only to comments made by Sbarro's counsel during opening statements. The district court found that, in the context of a ten-day trial, "defense counsel's improper comments in opening did not so permeate the trial as to conclude the jury was influenced by passion and prejudice in reaching its verdict." Upon review of the record, we agree. Accordingly, the district court did not abuse its discretion in denying Perez's motions on attorney misconduct grounds.

5

3.     Perez challenges evidentiary rulings related to potential Rule 412 evidence, to evidence of Perez's immigration proceedings, and to an audio recording from the immigration proceedings. An evidentiary error in a civil trial "need only be more probably than not harmless." *Haddad v. Lockheed Cal. Corp.*, 720 F.2d 1454, 1459 (9th Cir. 1983). To warrant reversal, not only must the district court have abused its discretion, but the error must be prejudicial. *S.M. v. J.K.*, 262 F.3d 914, 917 (9th Cir. 2001).

Perez first argues that Ceballes's testimony regarding Perez's sexual history with other men and his testimony concerning her sexual preferences constituted Rule 412 evidence that required Defendants to file a Rule 412 notice and the court to conduct a hearing. Assuming that this portion of Ceballes's testimony was subject to Rule 412 and should have been excluded, it is not probable that the jury would have reached a different result. Over the course of the ten-day trial, Ceballes testified about sexual comments and behavior between himself and Perez, which did not reference other sexual partners. The disputed portion of Ceballes's testimony was merely cumulative of that evidence. Accordingly, even if there was error, it was not prejudicial.

Perez next argues that the district court erred in admitting her "immigration file," which consisted of evidence related to her immigration proceedings. Though Perez believes that the immigration file must be excluded under Federal Rule of

6

Evidence 609, that rule applies only when there is a criminal conviction. Perez concedes that there is no criminal conviction, so we reject this argument.

Perez next argues that the district court erred in playing an audio recording of her attorney, Ms. Sull, in immigration court. Perez challenges the playing of the recording as fundamentally unfair and unduly prejudicial and requests an evidentiary hearing to determine how Defendants obtained the recording. Perez fails to explain *why* or *how* the playing of the recording was unfair or prejudicial—she again cites no legal authority or record citations to support her argument. Thus, we treat this argument as forfeited. *See Indep. Towers of Wash.*, 350 F.3d at 929.

We decline to take up Perez's authentication argument and Perez's argument that the district court's reference to an immigration court as a "justice court" was error. She failed to object below, and she has not demonstrated plain error. *See Greenwood*, 28 F.3d at 977 ("[A] bare assertion does not preserve a claim, particularly when, as here, a host of other issues are presented for review."). Accordingly, Perez's evidentiary challenges fail, and we affirm the district court on these issues.

4. Perez next argues that Sbarro spoliated evidence, including surveillance footage and the physical door of the walk-in cooler. Perez challenges the district court's denial of a negative-inference instruction and presumption regarding spoliation and its denial of her motion for sanctions related to spoliation. The district

court denied Perez's pretrial spoliation motion but allowed the issue to be presented to the jury if Perez could produce evidence to support the spoliation claim. Because Perez did not produce such evidence at trial, the district court properly denied her motions related to spoliation during and after the trial.

Spoliation is the "destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation." *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 649 (9th Cir. 2009) (quoting *Hernandez v. Garcetti*, 68 Cal. App. 4th 675, 680 (1998)). First, as to the surveillance footage, no evidence was adduced to suggest that the surveillance footage of Sbarro's Monte Carlo Hotel location existed because the cameras were not working during the time of Perez's employment. We agree with the district court that no spoliation of surveillance footage could have occurred.

Second, as to the walk-in cooler, the most pertinent issue at trial was whether a lock existed on the interior of the walk-in cooler door. A "party does not [spoliate evidence] when, without notice of the evidence's potential relevance, it destroys the evidence according to its policy or in the normal course of its business." *United States v. $40,955.00 in U.S. Currency*, 554 F.3d 752, 758 (9th Cir. 2009). Here, the Sbarro's Monte Carlo Hotel location in Las Vegas shut down prior to trial. And as a part of Sbarro's normal course of business, the walk-in cooler was left with the landlord. Many witnesses—including the Nevada Equal Rights Commission lead

investigator—did a walkthrough of the walk-in cooler when Sbarro conducted its formal investigation of Perez's claims and did not report seeing a lock on the interior of the door. Though one manager at Sbarro initially testified that she believed there was a lock on the door, she was impeached by demonstrative evidence. It was not illogical, implausible, or without support from inferences in the record to conclude that no lock existed on the walk-in cooler door. Accordingly, we affirm the district court's denial of the negative-inference jury instruction and presumption and its denial of sanctions.

5. Perez argues that a new trial is warranted because Defendants' counsels violated the district court's order excluding reference to prior proceedings regarding Rule 11 sanctions. We are not aware of any facts in the record to support this argument, and Perez concedes that Defendants' counsels did not "mention[] the sanctions specifically," so we reject Perez's argument.

6. Perez argues that the district court abused its discretion in its trial management. It is well established that a trial judge has broad discretion to "control the progress, and within the limits of the adversary system, the shape of the trial." *Geders*, 425 U.S. at 87. Considering this standard, we address each of Perez's challenges to the district court's trial management.

First, Perez argues that the district court did not manage the trial appropriately because Perez was "prevented [] from telling her story in a cohesive fashion that

would be easy for the jury to understand." But Perez fails to articulate *how* the district court's management prejudiced her right to a fair trial. The trial lasted for ten days, and Perez herself testified on four of those days. At times, Perez rambled and was repetitive, which caused the district court to warn her to stay on track. If Perez could not tell her story in a "cohesive fashion," that was not the district court's error. We reject Perez's argument on this ground.

Second, Perez argues that the district court erred when it granted Perez's co-counsel's motion for leave to withdraw from the case. Perez again fails to articulate *how* it was "unreasonable" or "prejudicial" to "permit withdrawal in the midst of this vast litigation." Ms. Sull was Perez's attorney throughout the entire case. Once co-counsel was permitted to withdraw, five months remained to prepare for trial. We find no prejudice apparent, so we affirm the district court on this issue.

Third, Perez argues that the district court abused its discretion in denying Perez's second motion to continue the trial because her expert died and there were pending motions to reconsider previous rulings. As we discuss in further detail below, the district court did not err in denying Perez's motion to substitute her expert witness. Perez's pending motions were to reconsider district court orders from almost two years prior. Any prejudice on that front was self-inflicted. Accordingly, we affirm the district court on this issue.

Fourth, Perez argues that the district court abused its discretion in denying

Perez's second motion to extend discovery. Discovery extensions must be supported by good cause. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Good cause requires diligence on the part of the party seeking an extension. *See id.* at 609. Here, the default discovery period in the District of Nevada was six months, and the district court already extended it to nine months. Even then, Perez failed to take discovery for nearly six months and did not depose Ceballes—a key witness—until one month prior to discovery closing. On these facts, the district court did not abuse its discretion in denying Perez's second motion to extend discovery.

7. Perez argues that the death of her expert witness was a ground to postpone the trial, and that it was error for the district court to not allow her to replace her deceased expert, Dr. Roitman. We affirm the district court's orders regarding Perez's expert witness.

Because discovery was closed when Perez made her motion to substitute her expert, the district court treated Perez's motion as a motion to reopen discovery for good cause under Federal Rule of Civil Procedure 16. Dr. Roitman passed away on January 19, 2022. At that time, trial was set for August 2022. From the record, it appears that Ms. Sull's co-counsel knew of the expert's death a few weeks after January 19. But Perez waited until July 2022, a month before trial, to file her motion to substitute. Accordingly, the district court did not abuse its discretion in denying

11

Perez's motion to substitute, nor did it abuse its discretion in denying a new trial on this ground.

8.     Though Perez argues that the jury verdict was not supported by substantial evidence, the voluminous record suggests otherwise. Assessing the "weight of the evidence" is a "fact-specific endeavor," and great deference is given to a district court's ruling on this issue. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007). As the district court correctly noted, "[t]he trial was essentially a credibility contest between Meza-Perez on the one hand, and multiple witnesses on the other." A review of the record does not reveal anything that would weigh against the jury verdict, and Perez has not provided any record cites to suggest a "seriously erroneous" result. Thus, we find the jury verdict was supported by substantial evidence.

9.     Perez argues that Ceballes and Sbarro should have received only three peremptory challenges combined because they were "essentially a unified defense during trial." The law requires that "each party shall be entitled to three peremptory challenges." 28 U.S.C. § 1870; Fed. R. Civ. P. 47(b). Here, Ceballes and Sbarro were subject to different claims requiring different defenses. Ceballes and Sbarro had different counsel. And Sbarro had an affirmative defense it bore the burden of proving that Ceballes did not. Accordingly, the district court did not abuse its discretion in treating Sbarro and Ceballes as different parties and granting each party

12

three peremptory challenges.

10.  Perez argues that the award of attorney's fees against her related discovery motion and four post-trial bills of cost must be vacated.  The discovery sanction is unrelated to any of the other issues that Perez now appeals, and she has not supported her challenge to it with any legal argument.   Regarding the bills of cost, Perez was required to file any objections within 14 days.  Fed. R. Civ. P. 54(d)(1).  She did not. Accordingly, Perez has forfeited her right to object to the bills of cost.

11.  The district court granted in part Defendants' motion for summary judgment regarding Perez's state law tort claims against Sbarro.  Perez argues that the district court erred because the district court should have equitably estopped Sbarro from asserting a statute of limitations defense.  The district court first identified the proper law regarding equitable estoppel, then it found that the record showed that Sbarro immediately investigated once Sbarro was made aware of Perez's complaint.  Perez was represented by counsel from at least May 2017, but she waited two years to file suit.  After balancing the equities, the district court found that the record did not support equitable estoppel.   The application of these facts was not illogical, implausible, or without support in the record.  Accordingly, we find that the district court did not abuse its discretion.

12.  Perez argues that Defendants' counsel made "golden rule" closing arguments. However, Perez did not object during closing argument, and she has not

demonstrated plain error. *See C.B.*, 769 F.3d at 1019.

13. Finally, Perez argues that the district court wrongfully denied various motions for reconsideration regarding the district court's summary judgment order. As explained above, the district court did not abuse its discretion in denying equitable estoppel. Therefore, the district court did not err when it denied Perez's motion for reconsideration under Rule 60.

Perez also argues that the court erred in denying her Rule 59 motion for a new trial because there were evidentiary issues, and the jury verdict was against the weight of the evidence. As explained previously, the district court did not commit reversible error, and the jury verdict was supported by substantial evidence. Accordingly, we affirm the district court's denial of Perez's post-trial motions.

**AFFIRMED.**